IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:06-641-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Roderick Rodricus Strong, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Roderick Rodricus Strong's ("Strong") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Strong's § 2255 motion.

## I. Factual and Procedural Background

On October 17, 2006, Strong pled guilty pursuant to a plea agreement to one count of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and one count of possession with the intent to distribute a quantity of cocaine. On April 25, 2007, the court sentenced Strong to 188 months' imprisonment. Judgment was entered on May 2, 2007. Strong did not appeal his conviction and sentence. Strong filed the instant § 2255 motion on June 3, 2011.[1] In his § 2255 motion, Strong raises several claims of ineffective assistance of counsel and a claim that the Government failed to comply with the plea agreement. (Strong Mem. Supp. § 2255 Mot., generally.)

## II. Discussion of the Law

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (finding that a defendant's conviction becomes "final on the date upon which he decline[s] to pursue further direct appellate review"); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Under former Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, applicable when Strong was sentenced, he had ten days to appeal his conviction and sentence after entry of judgment on May 2, 2007. Current Rule 4(b)(1)(A) provides that a defendant has 14 days to appeal a final judgment in a criminal case. Strong did not appeal his conviction and sentence. The instant § 2255 motion was filed on June 3, 2011. As such, Strong's motion is clearly time-barred under § 2255(f)(1).

In addition, Strong's claims are time-barred under § 2255(f)(2). Strong does not allege that any impediment created by the Government prevented him from filing the instant motion. Further, there is no evidence of any impediment. As such, Strong's claims are untimely under

§ 2255(f)(2). Further, § 2255(f)(3) does not apply.

Finally, whether § 2255(f)(4) operates to delay the commencement of the limitations period requires the court to assess "when a duly diligent person in petitioner's circumstances would have discovered" the factual predicate of his claim. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). Section 2255(f)(4) does not permit Strong to bring an otherwise untimely motion as the facts supporting his claims were available to him through the exercise of due diligence either before his sentencing or soon thereafter. Strong could have easily learned the facts supporting his claims that counsel failed to file an appeal, properly investigate, and disclose exculpatory evidence as of the date of the judgment or upon expiration of the time for filing an appeal. See Anjulo-Lopez v. United States, 541 F.3d 814, 819 (8th Cir. 2008) (noting that whether an appeal has been filed is "a matter of public record" and "a duly diligent person in [the defendant's] circumstances could have unearthed that information anytime after the deadline for filing an appeal passed"). Further, the facts supporting Strong's claim that the Government breached the plea agreement in failing to seek "a downward departure in sentencing if he participated in the guilty plea" was available to Strong as of the date the judgment was entered because the Government did not seek a downward departure. (Strong § 2255 Mot. 6.) Therefore, Strong's § 2255 motion is time-barred.

Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the

3

court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill, 277 F.3d at 707. In order to show that equitable tolling applies in his case, Strong "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Strong states in his § 2255 motion that the statute of limitations does not bar his motion because "as of the below signed date [June 2, 2011] it has been discovered that counsel never prepared the appeal and [the government] has refused to honor the terms of the negotiated plea." (Strong § 2255 Mot. 13.) Further, Strong submits that he "contacted appointed counsel regarding the appeal and sentence reduction but no avail! I am, therefore, 'NOW' reasonably becoming aware that counsel nor the [government] intends to honor the conditions of the negotiated plea." (Id.) In addition, Strong alleges that his counsel's failure to file a direct appeal and this failure "unduly delayed the petitioner's filing of his 2255 timely." (Id.)

"Ineffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); see also Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000). The statute of limitations expired more than three years ago. Further, when Strong was sentenced, he had ten days to appeal his conviction and sentence. Strong could have easily learned the facts supporting his claims that counsel failed to file an appeal, properly investigate, and disclose exculpatory evidence well within the statute of limitations. In addition, these claims in no way affected Strong's ability to file a timely § 2255 motion.

4

Further, Strong alleges that the Government promised him that it would seek "a downward departure in sentencing if he participated in the guilty plea." (Strong § 2255 Mot. 6.) There was no motion for a downward departure filed prior to sentencing. Further, the plea agreement states as follows:

> Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines § 5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Civil Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

(Plea Agreement ¶ 10.) The facts supporting this claim were known by Strong as of the date of his sentencing when he did not receive a downward departure. Based on the foregoing, there is nothing in the record that warrants application of the doctrine of equitable tolling to relieve Strong from the one-year statute of limitations otherwise applicable to the filing of a § 2255 motion. This is not one of "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period" of § 2255. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

It is therefore

**ORDERED** that Strong's § 2255 motion is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Strong has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 14, 2011

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.